UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JASON KORTBAWI,

                       Petitioner,

       -against-

UNITED STATES OF AMERICA,

                   Respondent.
--------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/18/21_____
```

16-CV-4934 (KMW)

12-CR-442 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

        Petitioner Jason Kortbawi seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, to vacate his conviction for possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c).   (ECF No. 1 (the "Petition").)   Kortbawi contends that the Supreme Court's holding in *United States v. Davis* invalidates his conviction.   139 S. Ct. 2319 (2019). The Government opposes the Petition.   For the reasons set forth below, the Petition is DENIED.[1]

## BACKGROUND

        On May 31, 2012, Kortbawi was charged by indictment with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); and possession of a firearm that was brandished in connection with the Hobbs Act robbery charged in Count Two, in violation of 18

---

[1] The issues raised in the Petition overlap substantially with those raised by the section 2255 petition of one of Kortbawi's co-defendants, Michael Wright.   (*See* ECF No. 1, 16-CV-4408.)   A parallel opinion has been issued today in Wright's case.   Another co-defendant, Casius Ernest, also filed a section 2255 petition raising similar issues.   On November 30, 2020, Ernest voluntarily dismissed that petition after defense counsel concluded that it was "not legally viable."   (Let. at 1, ECF No. 16, 16-CV-4848.)

U.S.C. §§ 924(c)(1)(a)(ii) and 2 (Count Three).   (Gov't Opp'n at 1, ECF No. 31.[2])

On January 24, 2014, Kortbawi pleaded guilty, pursuant to a plea agreement, to Counts One and Three.   (*Id.*)   The plea agreement, however, did not accurately describe the predicate offense for Count Three.   Although the indictment charged Kortbawi with brandishing a firearm in furtherance of Count Two (Hobbs Act *robbery*), the plea agreement described Count Three as a charge for brandishing a firearm in furtherance of Count One (Hobbs Act *conspiracy*).   (*Id.* at 2; Plea Agreement at 1, Pet'r Br. at Ex. A, ECF No. 30.)

On July 22, 2014, Kortbawi was sentenced to a term of imprisonment of one day on Count One and a mandatory consecutive term of 84 months on Count Three, to be followed by five years of supervised release.[3]   (Gov't Opp'n at 1; Judgment at 2-3, Pet'r Br. at Ex. C.)   The judgment, accordingly, states that Kortbawi was convicted on Counts One and Three. (Judgment at 1.)   As in the plea agreement, however, the column in the judgment that describes the "nature of offense" represents that Count Three is a charge for brandishing a firearm in furtherance of robbery conspiracy, rather than substantive robbery.   (*Id.*)

The distinction between a section 924(c) conviction based on a predicate crime of conspiracy, as opposed to one based on a predicate crime of substantive robbery, is significant. Section 924(c) makes it unlawful to use or carry a firearm "during and in relation to any crime of violence" or to possess a firearm in furtherance of such a crime.   18 U.S.C. § 924(c)(1)(A). The statutory definition of "crime of violence" has two clauses.   The so-called "elements clause" or "force clause" covers any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."   *Id.* § 924(c)(3)(A).   The

---

[2]  Unless otherwise specified, all docket citations refer to the electronic docket in the civil case, 16-CV-4934.

[3]  A sentencing proceeding is currently scheduled for March 1, 2021 with respect to alleged violations of Kortbawi's conditions of supervised release.   (*See* ECF No. 218, 12-CR-442.)

"residual clause" then covers any felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B); *see Williams v. United States*, 2020 WL 6683075, at *2 (S.D.N.Y. Nov. 12, 2020) (Wood, J.).

In June 2015, roughly one year after Kortbawi was sentenced, the Supreme Court held that the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) violated the Fifth Amendment's "prohibition of vagueness in criminal statutes." *Johnson v. United States*, 576 U.S. 591, 593-97 (2015).   After that decision, Kortbawi filed the Petition, arguing that the residual clause in section 924(c)(3)(B) was likewise unconstitutional.   (Pet. at 5, ECF No. 1.)   Since September 2016, Kortbawi's case has been stayed while this question was litigated in other forums.   (*See* ECF Nos. 5, 14, 18.)   On June 24, 2019, the Supreme Court held that the residual clause of section 924(c)(3)(B) was, indeed, "unconstitutionally vague."   *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

In light of *Davis*, "[i]t is now clear that conspiracy to commit Hobbs Act robbery is not a valid predicate for a § 924(c) conviction."   *Jimenez v. United States*, 2019 WL 5306976, at *1 (S.D.N.Y. Oct. 21, 2019) (Hellerstein, J.); *see United States v. Barrett*, 937 F.3d 126, 128 (2d Cir. 2019) (emphasis in original) (stating that a "conviction for using a firearm in committing Hobbs Act robbery *conspiracy* must be vacated because the identification of that crime as one of violence depends on the § 924(c)(3)(B) residual clause definition, which *Davis* has now pronounced unconstitutionally vague").   In contrast, substantive Hobbs Act robbery remains a valid predicate for a section 924(c) conviction.   *See, e.g.*, *United States v. White*, 2020 WL 5898680, at *1 (S.D.N.Y. Oct. 5, 2020) (Caproni, J.); *see also United States v. Hill*, 890 F.3d 51, 58-60 (2d Cir. 2018) (holding that "Hobbs Act robbery is categorically a crime of violence" under the "force clause").

On December 4, 2020, Kortbawi supplemented the Petition, arguing that his section 924(c) conviction is predicated on a Hobbs Act conspiracy and thus invalidated by *Davis*. On December 28, the Government filed an opposition, contending that the section 924(c) conviction is predicated on a substantive Hobbs Act robbery and is thus unaffected by *Davis*. On January 11, 2021, Kortbawi filed a reply. (ECF No. 32.)

## LEGAL STANDARDS

Pursuant to the federal habeas corpus statute, a defendant may move the court to set aside a sentence when "the court was without jurisdiction to impose such sentence" or the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court finds that a "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack," the court "shall vacate and set the judgment aside." *Id.* § 2255(b). It is well settled that "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979).

In addition, a guilty plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). But the Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review." *Bousley*, 523 U.S. at 621. The voluntariness and intelligence of a plea may be attacked collaterally only if challenged first on direct review. *Id.* Habeas review is an "extraordinary remedy" and "will not be allowed to do service for an appeal." *Id.* (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)). Consequently, if a defendant has defaulted a claim regarding the validity of a plea agreement by failing to raise it on direct appeal, "the claim may be raised in habeas only if the defendant can first demonstrate

either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'"   *Bousley*, 523 U.S. at 622 (citations omitted).

## DISCUSSION

### I.        *Kortbawi's Section 924(c) Conviction*

The parties' respective interpretations of the indictment, plea agreement, and judgment result in disagreement about the section 924(c) crime for which Kortbawi was convicted.   As described below, the Court agrees with the Government that Kortbawi's conviction on Count Three reflects a conviction for using a firearm in furtherance of the Hobbs Act robbery charged in Count Two.

Kortbawi does not dispute that Count Three of the indictment charges him with possessing a firearm that was brandished in connection with a crime of violence, "namely, the robbery offense charged in Count Two."   (Pet'r Br. at 1; Indictment at 3, ECF No. 11 (12-CR-442); Superseding Indictment at 3, ECF No. 32 (12-CR-442).[4])   Kortbawi argues, however, that pursuant to the plea agreement, he was convicted of possessing a firearm in furtherance of a *conspiracy*.   (Pet'r Br. at 1.)   He argues that the judgment also reflects a conviction for possessing a firearm in furtherance of a Hobbs Act conspiracy.   (*Id.* at 3.)

In response, the Government argues that it is "true, but irrelevant" that the plea agreement inaccurately describes the predicate offense for Count Three.   (Gov't Opp'n at 2.)   According to the Government, that "descriptive error" cannot change Kortbawi's count of conviction, as charged in the indictment.   (*Id.*)   The Government asserts that the parties do not have authority, by agreement, to make such a "constructive amendment" of the terms of the indictment "after the grand jury has last passed upon them."   (*Id.*; *see United States v. Zingaro*, 858 F.2d 94, 98-99

---

[4]  As the Government confirms, a superseding indictment was unsealed on March 27, 2013, after Kortbawi had pleaded guilty.   (Gov't Opp'n at 2 n.1.)   That indictment did not change any of the substantive charges.   (*Id.*)

(2d Cir. 1988).)   In addition, the Government argues that the judgment states that Kortbawi was convicted of Count Three.   (Gov't Opp'n at 2, 2 n.2.)

The parties thus do not dispute the terms of either the indictment or the plea agreement. By emphasizing different items in the judgment, however—Kortbawi focuses on the "nature of offense" column, whereas the Government focuses on the column identifying a conviction on Count Three—the parties reach different conclusions about Kortbawi's actual conviction.

Neither party explains how Count Three came to be inaccurately described in the plea agreement.   Nor has either party identified precedent that precisely governs these idiosyncratic circumstances.   Kortbawi cites only to the federal habeas corpus statute, which states that when a court finds a "judgment" vulnerable to collateral attack, the court shall vacate and set that judgment aside.   (28 U.S.C. § 2255(b); Pet'r Br. at 3.)   Because, in Kortbawi's view, the judgment reflects a conviction for possessing a firearm in furtherance of a conspiracy, it is invalid pursuant to *Davis*, and "[t]here is no jurisdiction for Kortbawi's section 924(c) conviction because there is no underlying 'crime of violence.'"   (Pet'r Br. at 2.)   The Government, however, contends that the judgment cannot mean what Kortbawi believes it to mean, citing a Second Circuit case, *Zingaro*, 858 F.2d 94, to the effect that the parties lack the authority to agree to a conviction beyond the scope of the indictment.   (Gov't Opp'n at 2.)   Because, in the Government's view, the judgment reflects a conviction on Count Three—possessing a firearm in furtherance of Hobbs Act robbery—*Davis* does not disturb the conviction.   (*Id.*)

The Court recognizes that the "nature of offense" description in the judgment is not consistent with the terms of Count Three, as charged, nor with the terms of the plea agreement. In these circumstances, however, the Court declines to read the judgment in a manner that would entail a constitutionally impermissible constructive amendment, expanding the scope of the indictment beyond the charges returned by the grand jury.   *See Zingaro*, 858 F.2d at 98 ("It is

well settled that the constructive amendment of an indictment is *per se* violative of the grand jury clause of the [F]ifth [A]mendment.").

Accordingly, Kortbawi's conviction on Count Three is predicated, consistent with the charges filed in the indictment, on a substantive Hobbs Act robbery.   As such, the conviction is undisturbed by *Davis*.   *See White*, 2020 WL 5898680, at \*1 (denying habeas petition when section 924(c) convictions were predicated on Hobbs Act robbery).[5]

None of the foregoing analysis, however, should be understood as endorsing the Government's actions with respect to the plea agreement and the parties' inability to avoid the present dispute.   The record demonstrates that the Government presented Kortbawi with a plea agreement that did not correctly describe the predicate offense for Count Three.   Neither the Government nor Kortbawi identified this error before entering into the plea agreement.   The Government's statement that such "descriptive error" is "true, but irrelevant" glosses over the Government's own oversights in creating the circumstances of this dispute in the first instance and in crafting a plea agreement that, in the Government's words, "plainly disregards the language of the superseding indictment."   Such oversights can—and should—be avoided.

## II.    *Collateral Challenge to Plea Agreement*

The above holding raises vexing questions about Kortbawi's plea agreement.   The agreement describes Count Three as a charge for brandishing a firearm in furtherance of Count *One* (Hobbs Act conspiracy).   (Plea Agreement at 1, Pet'r Br. at Ex. A.)   As a result, Kortbawi

---

[5] As the Government points out, it is immaterial that Kortbawi was not *convicted* of the predicate Hobbs Act robbery.   *See Johnson v. United States*, 779 F.3d 125, 129-130 (2d Cir. 2015) ("The plain language of § 924(c) requires only that the predicate crime of violence . . . have been committed; the wording does not suggest that the defendant must be separately charged with that predicate crime and be convicted of it.").   In this instance, it is clear that the robbery in fact occurred.   (*See, e.g.*, Plea Allocution, Gov't Opp'n at Ex. A, p. 16 ("I agreed with others to rob a jewelry store located in Manhattan.   On April 5, 2012, I drove the getaway car.   My co-conspirators carried a gun – carried a firearm in connection with the robbery.   I knew they had a gun.").)

contends that there would be no ground on which to find that he was convicted of possessing a firearm in furtherance of Count *Two* (Hobbs Act robbery), which would not also render his plea void on the basis that it was not "knowing" and "voluntary" and that it did not convey the "true nature of the charge."   (Pet'r Br. at 3 (citing *Bousley v. United States*, 523 U.S. 614, 618 (1998)).)

The Court need not reach the merits of this issue, because the Court agrees with the Government that, to the extent Kortbawi is collaterally attacking his plea agreement in the Petition, he is procedurally barred from doing so.   As the Supreme Court explained in *Bousley*, there are limited circumstances in which a guilty plea may be attacked collaterally.   523 U.S. at 621.   If a defendant has failed to challenge the voluntariness and intelligence of the plea on direct appeal, "the claim may be raised in [a section 2255 petition] only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'"   *Id.* at 622 (citations omitted); *see Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007) (stating that, if a claim that a guilty plea was involuntary "has not been presented on direct review, the procedural default bar may be overcome only where the petitioner establishes either (1) 'cause' for the failure to bring a direct appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'").

Kortbawi did not file a notice of appeal after the judgment was entered.   As a result, he has procedurally defaulted the claim that he now makes through the Petition.   *See Bousley*, 523 U.S. at 621.   The Petition does not argue that Kortbawi can demonstrate cause and actual prejudice, nor does Kortbawi argue that he is actually innocent.   There is thus no basis for the Court to conclude that Kortbawi may overcome the procedural default.

## CONCLUSION

For the reasons set forth above, Kortbawi's Petition is DENIED.   Because Kortbawi has

not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.   *See* 28 U.S.C. § 2253(c)(2).

The Clerk of Court is respectfully directed to terminate the Petition at ECF No. 1 and to close civil case number 16-CV-4934.   Any pending motions in case number 16-CV-4934 are moot.


SO ORDERED.

Dated: New York, New York
February 18, 2021                              _____*/s/ Kimba M. Wood*_____
                                                               KIMBA M. WOOD
                                                        United States District Judge